UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VEHICLE SERVICE GROUP, LLC, )
                                                  )
    Plaintiff/Counterclaim Defendant, )
vs. ) NO. 1:10-cv-00986-TWP-DKL
                                                  )
AUTO EQUIPMENT CO. INC., )
                                                  )
    Defendant/Counterclaimant. )

## ENTRY ON DISMISSAL OF COUNTERCLAIM

This matter is before the Court on the Magistrate Judge's Report and Recommendation to dismiss Auto Equipment Co., Inc.'s ("AEC") counterclaim with prejudice. For the reasons set forth below, the Court concurs with the Magistrate Judge's recommendation and **DISMISSES** this action with prejudice.

A brief background on the recent procedural history of this case is instructive. On November 8, 2011, AEC's counsel filed a motion to withdraw from this matter (Dkt. 63). On November 10, 2011, Magistrate Judge Denise K. LaRue granted this motion, but ordered AEC, a corporation, to obtain new counsel by November 17, 2011 (Dkt. 64). Otherwise, the case could not proceed. S*ee Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). A trial on the counterclaim is scheduled for December 12, 2011, so, obviously, time is of the essence.

On November 21, 2011, three weeks before the trial was scheduled to begin, the Court presided over a final pretrial conference. At the conference, the Court intended to resolve any pretrial issues relating to AEC's counterclaim, thus paving the way for trial. Unfortunately, the

1

Court and the parties were unable to accomplish anything meaningful at the conference, because AEC had missed a bevy of final pretrial filing deadlines and failed to comply with the Magistrate Judge's order to secure counsel by November 17, 2011. In its final pretrial order, the Court noted that AEC "has disregarded numerous court orders by failing to secure counsel (Dkt. 64), failing to file a comprehensive set of final pretrial filings in conformance with the Case Management Plan (Dkt. 26 at 5-6), and failing to participate in filing joint jury instructions (Dkt. 58)." (Dkt. 72 at 1).

For this reason, Magistrate Judge LaRue conducted a show cause hearing on whether AEC's counterclaim should be dismissed. In doing so, the Court specifically instructed AEC that "[i]f it has still failed to secure counsel as of this date, the Court will be inclined to dismiss the counterclaim." (Dkt. 72 at 2). On November 29, 2011, Magistrate Judge LaRue held a show cause hearing. The Court's earlier warnings notwithstanding, AEC failed to take any measures to comply with its final pretrial filing obligations. More problematically, AEC also failed to appear by counsel at the hearing; instead, AEC's President, John Burt, appeared with his personal counsel, Michael Alerding. Further, Mr. Alerding informed Magistrate Judge LaRue that given AEC's precarious financial condition, it did not intend to hire counsel. Magistrate Judge LaRue noted that in light of this revelation, the Court's options were exceedingly limited: "Because AEC does not intend to retain counsel, it cannot prosecute its counterclaim." (Dkt. 74 at 3). Given AEC's various failures, Magistrate Judge LaRue recommended that the Court dismiss AEC's pending counterclaim with prejudice under Fed. R. Civ. P. 41(b) and (c). (Dkt. 74 at 4). The Court will heed Magistrate Judge LaRue's well-reasoned recommendation.[1] To

---

[1] A point of clarification is necessary. Technically speaking, the Magistrate Judge's order was not a formal "Report and Recommendation," since the undersigned never referred a motion pertaining to dismissal to the Magistrate Judge. In other words, although the Court agrees with the Magistrate Judge's reasoning and conclusion, the Court is dismissing this action on its own volition. If this were a formal report and recommendation, the parties would have 14 days to file written objections. *See* 28 U.S.C. § 636(b)(1). But given the nature of the Court's order, these timelines do not apply.

reiterate, AEC has disregarded two orders requiring it to obtain counsel, has failed to file a comprehensive set of pretrial filings as required by the Case Management Plan, and has failed to participate in filing a joint set of proposed jury instructions. Worse still, AEC has conceded that, going forward, it has no intention of securing counsel. *See Opta Sys., LLC v. Daewoo Elec. Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007) (dismissing action after corporate entity disregarded numerous court orders to obtain new counsel). The trial in this matter is currently set to begin in one week, on December 12, 2011. The Court has a strong interest in resolving this matter expeditiously. To that end, the Court concurs with and adopts the Magistrate Judge's recommendation to dismiss this matter with prejudice. Accordingly, AEC's counterclaim is **DISMISSED** with prejudice. A separate judgment will accompany this entry.

SO ORDERED: 12/05/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

James F. Cann
KOLEY JESSEN P.C.L.L.O.
james.cann@koleyjessen.com

Shannon D. Landreth
BINGHAM MCHALE LLP
slandreth@binghammchale.com

President of Company
John Burt
Auto Equipment Co., Inc.
518 Bufflehead
Johns Island, SC 29455